O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI HEIMAN,<br><br>          Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. EDCV 11-486 (OP)<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 8, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the sole disputed issue raised by Plaintiff as the grounds for reversal and/or remand is whether the administrative law judge ("ALJ") properly assessed Plaintiff's credibility. (JS at 2.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# **DISCUSSION**

**A.   The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of obesity; degenerative disc disease of the lumbar spine; diabetes mellitus under satisfactory control but with complicating sensory peripheral neuropathy in upper and lower extremities; hepatitis C virus infection; bilateral carpal tunnel syndrome; and high

blood pressure. (Administrative Record ("AR") at 11.) The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations: stand or walk two hours out of an eight-hour workday; sit six hours out of an eight-hour workday with normal breaks such as every two hours; lift and carry ten pounds frequently and twenty pounds occasionally; occasionally stoop or bend; can climb stairs but cannot climb ladders, work at heights, or balance; and must work in an air-conditioned environment. (Id. at 15.)

Relying on the testimony of a Vocational Expert ("VE"), the ALJ determined that Plaintiff was able to perform her past relevant work as a bookkeeper (Dictionary of Occupational Titles No. 210.474-010); an occupation performed at the sedentary level of exertion. (AR at 17.)

**B.     The ALJ's Consideration of Plaintiff's Credibility.**

**1.     Plaintiff's Subjective Complaints.**

In January 2008, at the time of her application for disability benefits, Plaintiff claimed she could not be on her feet too much because her leg became numb and she experienced stabbing pains. She claimed her medication made her sick to her stomach and drowsy, and she could do no lifting or engage in strenuous activity. She indicated standing too long caused pain in her liver. (Id. at 29, 134.)

In November 2008, at the time of her appeal, Plaintiff claimed she could not walk up stairs, had spent months in a wheelchair; was unable to walk until the previous week; and her leg cramped up when she walked.[3] She claimed she had difficulty getting out of her house and could not walk very far. (Id. at 92, 164.)

By the time of the hearing in October 2009, Plaintiff claimed she spent most of her time in bed and was only able to walk as far as her bathroom; she could sit

---

[3] The Court notes that Plaintiff had undergone three back surgeries in May 2008, and subsequently suffered from a resulting infection and allergic reaction to the antibiotics administered, thereby prolonging her recovery from the surgery. (Id. at 160, 416-17.)

3

about fifteen minutes before she began to experience pain; she could get up and down, but could not climb stairs; she could walk about a block; she had side effects from her medications that made her dizzy; OxyContin made her itchy and caused her to nod off periodically; she did no chores other than washing her own dishes; did not listen to music; did not go out to visit friends; had no hobbies; still could not feel her leg; anticipated additional neurosurgery for her feet; surgery had been recommended for her carpal tunnel and neck problems; she took a lot of Neurontin for her peripheral neuropathy; her interferon treatments for her hepatitis resulted in pain of 8 on a scale of 10 without medication, but with the medication she feels sick; the worse pain was in her left leg and foot; she could lift only a couple of pounds; she has to lay down during the daytime; she has numbness in both hands, more on the left; and she was not better off from having had her May 2008 surgery, which she stated made her sicker. (Id. at 41-42, 45-47, 49-52.)

**2. The ALJ's Credibility Assessment.**

The ALJ noted the following with respect to Plaintiff's credibility (id. at 16):

(1) The weight of the evidence did not support Plaintiff's claims of disabling limitations to the degree alleged;

(2) Plaintiff's complaints are not fully substantiated by the objective medical conclusions;

(3) None of Plaintiff's physicians have opined that she is totally and permanently disabled from any kind of work;

(4) The record does not contain evidence showing that Plaintiff is functionally unable to work;

(5) The clinical findings were quite minimal and not at a level considered to be disabling; Plaintiff's diabetes and high blood pressure were well controlled; and

(6) Following surgery in May 2008 Plaintiff was doing quite well and, in

4

August 2009 discussed weaning herself off pain medications. In October 2009 she again discussed weaning off pain medications and decided against it only because she had recently begun treatment with Interferon for her hepatitis C. In October 2009 Plaintiff stated her back pain was fairly well controlled and she was doing well.

**C.　Applicable Law.**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient.)

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell, 947 F.2d at 345-47. An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may

5

properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. § 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin.,169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication).

**D.     Plaintiff's Contentions.**

Plaintiff contends that the ALJ improperly found that Plaintiff's pain testimony was not supported by objective medical evidence; that the ALJ improperly found that none of Plaintiff's physicians found her totally and permanently disabled; and that because the ALJ specified that Plaintiff's diabetes and blood pressure were under control, impliedly Plaintiff's other conditions were not under control.

    **1     Lack of Objective Medical Evidence.**

        **a.     Background.**

Plaintiff contends the ALJ improperly found that Plaintiff's pain testimony

was not supported by objective medical evidence.[4] (JS at 3.) Specifically, Plaintiff describes a long history of chronic back pain, continuing despite three back surgeries in May 2008. (Id.) She notes that the medical expert ("ME") testified that he only had the medical records through February 2008, and that the State agency physicians also did not have access to the medical records after February 2008.[5] (Id.) Moreover, the ME left the hearing before Plaintiff further testified as to "some of the up-to-date evidence." (Id. at 11.) She contends, therefore, that the opinions of the ME and the State agency physicians do not constitute substantial evidence "because they lacked any foundation beyond [Plaintiff's] own testimony." (Id. at 3.)

Plaintiff cites to a variety of medical records subsequent to February 2008 that she contends provide support for her credibility and that she claims the ALJ ignored: on February 14, 2008, (prior to Plaintiff's surgery), Plaintiff's treating physician, Deborah Smalls, M.D., offered an opinion that Plaintiff's conditions were permanent and, in her opinion, Plaintiff was unable to work (AR at 382); although on March 29, 2008, Plaintiff reported to the consultative examiner that her EMG and nerve conduction studies were abnormal and complained of left leg pain and numbness resulting in an inability to do any prolonged walking, the consultative examiner found that Plaintiff was in "no acute distress"[6] (id. at 308); on April 4, 2008, to the neurosurgeon in preparation for her back surgery, Plaintiff characterized the pain in her back as mild but complained of significant leg pain, which she described "as stabbing and burning, like somebody put her leg on fire . .

---

[4] Plaintiff notes that the ALJ's "reasons" numbered 1, 2, and 4 fall into this category. (See Discussion supra Part III.B.2.) It appears to the Court that reasons 5 and 6 also fall into this category.

[5] For this and other reasons, the ALJ gave the opinions of the State agency physicians "little weight." (AR at 17.)

[6] The ALJ gave this report "little weight." (AR at 17.)

7

. .There are no alleviating factors, and . . . it worsens with any type of activity. It takes about 20 minutes to have any significant onset when she is standing and ambulatory and usually resting decreased the pain but does not alleviate it" (id. at 357); the State agency physician, Dr. Thu Do, based his April 4, 2008, report on a few records from 2002, and a June 8, 2007, hospital visit (all prior to the relevant period of June 20, 2007, and prior to Plaintiff's surgery), and also looked to the consultative examiner's report[7] (id. at 122-26, 319-20)); in July 2008, Dr. Smalls diagnosed Plaintiff with "chronic pain secondary to degenerative arthritis" (id. at 414); at that same visit, Dr. Smalls also noted a post-surgical infection for which Plaintiff was treated with IV antibiotics ("ABX") and, as a result, Plaintiff was unable to obtain pain relief and the pain was so severe "that she can't think about anything else" (id. at 415). Between August 2008 and October 2009, Plaintiff contends that her treating physician records continued to reflect her chronic low back pain; post-surgical infection; refills of Oxycontin, a pain medication; and headaches from the hepatitis C treatment. (Id. at 385, 389, 395, 404, 411, 412-13.)

Plaintiff also notes that in contrast, the May 5, 2009, report from her physician stated that Plaintiff was "doing well" and that her pain was "well controlled" (id. at 395), and an October 2, 2009, report stated that her back pain was "fairly well controlled at this time" (id. at 385). Thus, in addition to her contention that the ALJ's credibility finding was not based on substantial evidence of record, Plaintiff also contends that because the records show pain control but also continued pain, the ALJ should have resolved "this inconsistency." (JS at 10.)

  **b. Analysis.**

The Court finds that the ALJ's finding that there was a lack of objective medical findings to support Plaintiff's subjective complaints, was supported by

---

[7] As previously noted, the ALJ gave the reports of the State agency physicians and the consultative examiner "little weight." (AR at 17.)

substantial evidence of record. She discussed the fact that Plaintiff's July 2007 objective testing revealed mild degenerative joint disease and arthritis at L4 S1. (AR at 13, 14, 261, 286-87.) The ALJ also noted that in April 2008, although an MRI showed a broad-based disc bulge with significant formal stenosis at L4-5, and surgery was recommended, Plaintiff had good muscle bulk and tone, she could stand on her heels and toes, she had a normal gait, and a full range of motion in her spine. (Id. at 14, 356); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (in discounting pain testimony, ALJ appropriately considered objective medical findings, including MRI and X-rays showing only mild degenerative disease and no disc herniation or root impingement).

Moreover, even if the ME and the State agency physicians did not have post-surgical records, the ALJ did. (AR at 384-419.) In fact, the ALJ noted that post-surgical records indicated that Plaintiff was "doing quite well." (Id. at 16.) In August 2009 and again in October 2009, she had discussed with her doctor possibly weaning herself off her pain medication; she decided against it only because she had recently begun receiving interferon treatments. (Id. (citing id. at 385, 388).) Plaintiff's physician also reported in October 2009 that Plaintiff's back pain was "stable" (id. at 388); in May, July, and August, the treating physician's reports show that Plaintiff reported her pain as 0 on a scale of 1-10 (id. at 388, 390, 394); she was "doing well" (id. at 393), her pain was "fairly well controlled" (id. at 385) and "well controlled" (id. at 395); and that Plaintiff was "feeling well" (id. at 385). The ALJ also noted that a pre-surgical orthopedic examination revealed that Plaintiff's motor strength was 5/5 in all extremities and sensation was intact. (Id. at 16 (citing id. at 380).) Other than alleging that the post-surgical records created an inconsistency with her continuing allegations of pain, Plaintiff points to nothing in the records (pre- or post-surgery) that would result in any limitations greater than those found by the ME, or the ALJ.

The ALJ carefully considered all of the pre- and post-surgical evidence.

She gave the opinion of the ME "significant weight," as it was well-supported by the medical evidence, including Plaintiff's medical history, clinical and objective signs and findings, and detailed treatment notes. (Id. at 16.) She noted that the ME's opinion was "not inconsistent with other substantial evidence of record." (Id.) She gave the opinion of the consultative examiner "little weight" because the consultative examiner, who had opined that Plaintiff was capable of a substantial range of medium work, had not had the opportunity to review the additional medical evidence after completing his evaluation, had not listened to the sworn testimony of Plaintiff, and had not observed Plaintiff's demeanor. (Id. at 17.) For the same reasons, the ALJ also gave "little weight" to the findings and opinions of the two state medical consultants, one of whom found that Plaintiff was capable of a substantial range of medium work, and the other that she was capable of a substantial range of light work. In short, in finding that Plaintiff could perform her past sedentary work as a bookkeeper, the ALJ gave Plaintiff every benefit of the doubt, after carefully considering all of the evidence of record.

The ALJ's finding that the objective medical evidence did not support Plaintiff's claims of disabling pain, was a clear and convincing reason for discounting her credibility. Tidwell, 161 F.3d at 602; Batson v. Comm'r, 359 F.3d 1190, 1196 (9th Cir. 2004) (the ALJ properly relied on objective findings and the physician's opinion to discredit the claimant's testimony regarding functional limitations); Thomas, 278 F.3d at 958-59 (ALJ properly considered the inconsistency of the medical opinions with Plaintiff's allegations). Moreover, because the ALJ's adverse credibility finding was based on substantial evidence of record, there was no need for her to resolve the alleged "inconsistency" between Plaintiff's allegations of continuing excessive pain, and the fact that her post-surgical medical records reflected that her pain was under control.

  **2.   Failure of Any Treating Physician to Find Plaintiff Disabled.**

Plaintiff also contends that the ALJ's statement that none of Plaintiff's

physicians had opined that she is totally and permanently disabled from any kind of work was error because "[a] lack of disability rating by a medical source is not a basis for discrediting [a] claimant." (JS at 6 (citing Morales v. Astrue, 300 Fed. App'x 457, 458-59 (9th Cir. 2008).)  She notes that the ultimate finding of disability is an issue reserved for the Commissioner. (Id.)  The Court agrees.  See, e.g., 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) (the issue of whether a claimant is disabled within the meaning of the Social Security Act is an issue reserved for the Commissioner, and, therefore, the opinion of a treating physician that a claimant is disabled will not be given special significance).

However, because as discussed the ALJ provided other valid reasons for discounting Plaintiff's credibility, any error was harmless.  Batson, 359 F.3d at 1197 (concluding that even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error was harmless); Curry v. Sullivan, 924 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

### 3.     **Lack of Control of Plaintiff's Impairments.**

Plaintiff contends that because the ALJ specified that Plaintiff's diabetes and hypertension were "under control," and made no such findings as to Plaintiff's other conditions, this necessarily implies that Plaintiff's other conditions were not under control.  (JS at 6 ("To expressly specify one is to exclude all others.").)  The Court does not agree.

Putting the ALJ's statement in context, the ALJ (1) reviewed all of Plaintiff's impairments:  obesity, degenerative disk disease, diabetes, peripheral neuropathy, hepatitis C virus infection, carpal tunnel syndrome, and high blood pressure; (2) noted that the record did not contain evidence showing that Plaintiff is functionally unable to work due to these impairments; (3) noted that during the period of adjudication the clinical findings were "quite minimal" and not at a level considered to be disabling; and (4) noted that the diabetes and hypertension were

well controlled. (AR at 16.)

Thus, although Plaintiff's diabetes and hypertension were found to be well controlled, the ALJ acknowledged the various other impairments, finding that the clinical findings regarding those impairments were minimal and not such that they demonstrated an inability to work. The ALJ did not exclude Plaintiff's "other conditions" from her discussion, and Plaintiff's argument is without merit.

**E.  Conclusion.**

Based on the foregoing, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony. Thus, there was no error.

## IV.

## ORDER

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: October 11, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge